IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM HENDRIX,<br><br>    Plaintiff,<br><br>    v.<br><br>LEONARDO GARCIA, et al.,<br><br>    Defendants. | Case No. 25-cv-09674-CRB<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff Adam Hendrix, proceeding pro se, brought an action against a host of different defendants. Compl. (dkt. 1). After filing the instant action, Hendrix filed an emergency motion for a Temporary Restraining Order ("TRO"). Mot. (dkt. 2). His motion—composed of two sentences and without any argument—is so devoid of detail that the Court cannot identify the grounds for the injunctive relief sought. See Mot. Since Hendrix's complaint is highly confusing and does not present a short and plain statement of Hendrix's claims, the Court fails to divine the bases for Hendrix's relief in the pleadings, too. See Compl. Accordingly, the Court **DENIES** Hendrix's motion.

## I. BACKGROUND

Plaintiff Adam Hendrix[1] alleges two injuries: (1) the entry of a no-contact order in Illinois without subsequent review and (2) the denial of County Adult Assistance Program ("CAAP") benefits in San Francisco.

For the first injury, Hendrix sued Leonardo Garcia, the one who requested the no-

---

[1] Hendrix appears to have also gone by two other names: Calypso Vasquez (Compl. at 7) and Adam Hendrixx (id. at 14).

contact order; Officer Peter Ahern, a policeman in Mundelein, Illinois; the Mundelein Police Department; Lake County; Judges Melius, Reginald Mathews, and Daniel Fisz of Illinois; and Judge Mansh Shah of the United States District Court for the Northern District of Illinois.  Hendrix alleges the no-contact order—and its subsequent versions—were "VOID AB INITIO for lack of personal jurisdiction and were obtained through fraud and perjury." Compl. at 2. Hendrix does not explain what fraud or perjury occurred. He then alleges Officer Ahern "under color of law" advised Garcia to obtain the order, which was the start of an alleged conspiracy against Hendrix. Id.  When asking for the no-contact order, Garcia allegedly misrepresented facts to Judge Melius to "secure" a TRO. Id.  Judge Mathews later denied Hendrix "the right to present evidence or speak at the full hearing." Id.  Despite removal to federal court, Judge Fisz extended the no-contact order by an additional 2,000 ft. Id.  Judge Shah then "improperly dismissed the removed case and refused mandatory federal jurisdiction." Id. at 3.  Hendrix alleges this series of violations caused a loss of his "First Amendment right to protest on public property." Id. at 2.

For the San Francisco injury, Hendrix named as defendants the City and County of San Francisco; Jennifer Williams, Ruth Jordan, and Brian Ly who were apparently part of the CAAP program; Governor Gavin Newsom; and Larkin Street Youth Services. Id. at 1–2. Hendrix's sole allegation for this injury is that the named defendants "failed to provide required reasonable disability accommodations, resulting in wrongful termination of benefits in violation of the ADA and Rehabilitation Act." Id. at 3.

Hendrix lists his claims, which do not clarify which defendants are implicated, as follows:

- Violation of the First Amendment
- Violation of Fourteenth Amendment Due Process
- Fraud upon the Court
- Conspiracy to interfere with Civil Rights (42 U.S.C. § 1985)
- Disability Discrimination (ADA, Title II, Rehabilitation Act § 504)

2

- Request for Declaratory & Injunctive Relief
- Damages under 42 U.S.C. § 1983

Compl. at 2.

Shortly after Hendrix filed his complaint, he filed a motion for a TRO. See Mot. The motion only consists of two sentences: "Plaintiff respectfully moves this honorable court to grant this motion for emergency TRO & motion to seal confidential [sic] address information protected by the Safe at Home Program. Plaintiff also requests that the defendants be served by the sheriffs [sic] office." Mot. at 1–2. Hendrix also filed an emergency declaration claiming, among other things, that he is suffering from irreparable harm from loss of CAAP benefits and that he faces "immediate financial collapse." Emergency Declaration (dkt. 9).

After granting Hendrix's application to proceed in forma pauperis, Magistrate Judge Lisa Cisneros submitted a recommendation to dismiss the complaint and deny the motion for a TRO. Magistrate Order (dkt. 7). Judge Cisneros granted Hendrix's request in his TRO motion to seal confidential information implicating his address. Id. at 10. Hendrix has until December 10, 2025 to object to the report and recommendation. Id. at 12.

## II.    LEGAL STANDARD

A TRO is an "extraordinary remedy" that should be awarded only upon a clear showing that the party is entitled to such relief. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The party seeking a TRO must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. See id. at 20. The "[l]ikelihood of success on the merits 'is the most important Winter factor.'" Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017) (quoting Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015)). And the Ninth Circuit has held that courts should liberally construe motion papers from pro se litigants. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

### III. DISCUSSION

Because Hendrix's motion is devoid of argument and his complaint fails to clarify his position, the Court denies his motion for a TRO.

For starters, Hendrix's motion lacks both the substantive and procedural requirements to seek temporary injunctive relief. When seeking a temporary restraining order in this District, parties must include a copy of their complaint, a separate memorandum of points and authorities in support of the motion, a proposed order and order to show cause, supporting documents, and a declaration certifying that notice to the opposing party was given or the reasons why it was not. Civ. L.R. 65-1. The only substantive document before the Court is Hendrix's complaint. His actual motion fails to put forth any argument for why a TRO is warranted here.

While the Court understands the difficulties of pro se litigants, Hendrix's failure to comply with procedural requirements—combined with confusing and vague allegations in his complaint—has left the Court unable to review the merits of his motion. The only Winter factor the Court could even begin to consider is irreparable harm, since Hendrix claims he is in financial distress in his emergency declaration. See Emergency Declaration. But even that declaration is conclusory and does not indicate any defendant's role in causing the harm. See GSI Tech., Inc. v. United Memories, Inc., No. C 13-1081 PSG, 2013 WL 12172990, at *10 (N.D. Cal. Aug. 21, 2013) (denying injunctive relief, in part, because the plaintiff had "not established that the irreparable harm it complain[ed] of was fairly traceable" to the defendant's actions).

As a result, the Court must deny Hendrix's motion because Hendrix has failed to make a clear showing that he is entitled to temporary injunctive relief.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Hendrix's motion for a TRO.

**IT IS SO ORDERED.**

Dated: December 2, 2025

CHARLES R. BREYER
United States District Judge