IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM HENDRIX,<br><br>    Plaintiff,<br><br>v.<br><br>LEONARDO GARCIA, et al.,<br><br>    Defendants. | Case No. 25-cv-09674-CRB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DENYING MOTION FOR RECUSAL; DISMISSING CASE** |

Plaintiff Adam Hendrix, proceeding pro se, brought an action against a host of different defendants. Compl. (dkt. 1). After filing the instant action, Hendrix filed an emergency motion for a Temporary Restraining Order ("TRO"). Mot. (dkt. 2). Given the lack of factual detail in Hendix's motion and pleadings, the Court denied the motion. Order (dkt. 11). Magistrate Judge Lisa Cisneros screened the complaint and recommended dismissal with leave to amend. R&R (dkt. 7). Hendix filed a timely objection that included a motion for recusal. Obj. (dkt. 13). The Court determines that Judge Cisneros' recommendation was well-reasoned and correct. Accordingly, the Court adopts the report and recommendation in full, denies the motion for recusal, and dismisses the case.

I.     BACKGROUND

Hendrix alleges two injuries: (1) the entry of a no-contact order in Illinois without subsequent review and (2) the denial of County Adult Assistance Program ("CAAP") benefits in San Francisco.

For the first injury, Hendrix sued Leonardo Garcia, the one who requested the no-contact order; Officer Peter Ahern, a policeman in Mundelein, Illinois; the Mundelein

Police Department; Lake County; Judges Melius, Reginald Mathews, and Daniel Fisz of Illinois; and Judge Manish Shah of the United States District Court for the Northern District of Illinois. Hendrix alleges the no-contact order—and its subsequent versions— were "VOID AB INITIO for lack of personal jurisdiction and were obtained through fraud and perjury." Compl. at 2. Hendrix does not explain what fraud or perjury occurred. He then alleges Officer Ahern "under color of law" advised Garcia to obtain the order, which was the start of an alleged conspiracy against Hendrix. Id. When asking for the no-contact order, Garcia allegedly misrepresented facts to Judge Melius to "secure" a TRO. Id. Judge Mathews later denied Hendrix "the right to present evidence or speak at the full hearing." Id. Despite removal to federal court, Judge Fisz extended the no-contact order by an additional 2,000 ft. Id. Judge Shah then "improperly dismissed the removed case and refused mandatory federal jurisdiction." Id. at 3. Hendrix alleges this series of violations caused a loss of his "First Amendment right to protest on public property." Id. at 2.

For the San Francisco injury, Hendrix named as defendants the City and County of San Francisco; Jennifer Williams, Ruth Jordan, and Brian Ly who were apparently part of the CAAP program; Governor Gavin Newsom; and Larkin Street Youth Services. Id. at 1–2. Hendrix's sole allegation for this injury is that the named defendants "failed to provide required reasonable disability accommodations, resulting in wrongful termination of benefits in violation of the ADA and Rehabilitation Act." Id. at 3.

Hendrix lists his claims, which do not clarify which defendants are implicated, as follows:

- Violation of the First Amendment
- Violation of Fourteenth Amendment Due Process
- Fraud upon the Court
- Conspiracy to interfere with Civil Rights (42 U.S.C. § 1985)
- Disability Discrimination (ADA, Title II, Rehabilitation Act § 504)
- Request for Declaratory & Injunctive Relief

2

- Damages under 42 U.S.C. § 1983

Compl. at 2.

After granting Hendrix's application to proceed in forma pauperis, Judge Cisneros submitted a recommendation to dismiss the complaint. R&R. Judge Cisneros identified two classes of defendants that had different reasons that warranted dismissal. For the defendants based in Illinois ("Illinois Defendants"), Judge Cisneros determined that preclusion, the Rooker-Feldman doctrine, and a lack of personal jurisdiction were grounds for dismissal. Id. at 6–7. For the defendants in California ("California Defendants"), Judge Cisneros recommended dismissal since the single sentence allegation against them was insufficient to state a claim. Id. at 8.

Hendrix's objections did little to address the deficiencies identified in the pleadings. Instead of providing factual detail or discussing the bases for dismissal, Hendrix made a litany of procedural objections that generally miss the mark:

- Disclosure of Hendrix's purported aliases in the R&R renders it procedurally defective;
- The docket entry regarding the undeliverable mailing of the R&R to Hendrix (dkt. 12) being entered before he knew of the assignment to this Court renders the entry void;
- The denial of the TRO overlooked Hendrix's assertions that the Illinois court made its order based on fraud and perjury;
- The Rooker-Feldman doctrine is inapplicable since Hendrix seeks a collateral attack on a void state order;
- Judicial immunity is not applicable since the state defendants in Illinois acted without jurisdiction;
- Denial of service is inappropriate under Fed. R. Civ. P. 4(m).

Obj. at 3–4.

Hendrix also moves this Court for recusal and an administrative stay and protective order pending service. Additionally, Hendrix asks the Court to seal all filings that contain

his alias.

## II. DISCUSSION

The Court adopts Judge Cisneros' report and recommendations in full. The Court agrees that the Court is unable to hear the claims against the Illinois Defendants and that Hendrix fails to state a claim against the California Defendants. Consequently, the Court denies Hendrix's administrative motion as moot. The Court also denies Hendrix's motion for a recusal as he has not demonstrated an extrajudicial source of bias. In light of Hendrix's concerns with his public alias, the Court has sealed the current filings that contain his alias. The Court explains its reasoning on the report and recommendations and the motion for recusal in further detail below.

### A.     Report and Recommendations

Judge Cisneros identifies three grounds for dismissal as to the Illinois Defendants: preclusion, the Rooker-Feldman doctrine, and lack of personal jurisdiction. R&R at 5–7. The Court agrees with each one.

Preclusion bars Hendrix's claims against the judges among the Illinois Defendants. Claim preclusion "provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action, and is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051–52 (9th Cir. 2005) (cleaned up). And "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency, 322 F.3d 1064, 1078 (9th Cir. 2003). The related doctrine of issue preclusion, which is also known as collateral estoppel and also falls under the umbrella of res judicata, provides that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." B & B Hardware, Inc. v. Hargis Indus., Inc., 575 U.S. 138, 148 (2015) (citation

omitted).

As Judge Cisneros noted, Hendrix's claims and allegations here functionally mirror those he made against the Illinois judges in their home state, which were dismissed for a lack of subject matter jurisdiction based, in part, on judicial immunity. R&R at 6 (noting that the Seventh Circuit affirmed dismissal); Hohu v. Hatch, 940 F. Supp. 2d 1161 (N.D. Cal. 2013) (dismissal based on lack of subject matter jurisdiction has a preclusive effect in the Ninth Circuit).[1] Accordingly, Hendrix is precluded from relitigating judicial immunity against the Illinois judges. See Obj. at 4.

Moreover, outside of preclusion, the Rooker-Feldman doctrine would bar Hendrix's claims against all the Illinois Defendants.[2] At bottom, Hendrix's complaint seeks to relitigate state proceedings he contends were conducted based on fraud. See Compl. at 2. Hendrix attempts avoid this doctrinal bar by arguing that the state order itself was void for lack of jurisdiction. Obj. at 3. But as Judge Cisneros noted, the no-contact order was before Hendrix removed the case to federal court. R&R at 8. And to the extent Hendrix argues the subsequent extension of the no-contact order was without jurisdiction, the complaint does not specify whether the extension was during the five days before remand back to state court. Id. Regardless, such an issue, if true, should have been brought up in Illinois, not through relitigation in this Court.

Additionally, Judge Cisneros is correct that the complaint offers "no basis for this Court to exercise personal jurisdiction over any of the Defendants in Illinois." R&R at 7 (emphasis in original); see Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006) (a court can only hear a case if it has personal jurisdiction over the defendant).

---

[1] Judge Cisneros also took judicial notice of two other federal cases where Hendrix brought related claims against some of the defendants: Hendrix v. Garcia, No. 2:21-cv-09730, ECF No. 7 (C.D. Cal. Dec. 29, 2021) and Hendrix v. Garcia, 2022 WL 1541750 (D. Kan. Feb. 2, 2022), recommendation adopted, No. 22-4006-DDCADM, 2022 WL 1261302 (D. Kan. Apr. 28, 2022). Both courts dismissed Hendrix's claims as frivolous and for failure to state a claim on which relief could be granted.
[2] Judge Cisneros noted that all four courts that have previously evaluated Hendrix's claims found that the Rooker-Feldman doctrine barred his attempt to relitigate the state court decision. R&R at 7.

5

Consequently, the Court agrees that the claims against the Illinois Defendants should be dismissed.

The claims against the California Defendants fare no better. The complaint only includes a single sentence: "When Plaintiff later sought CAAP benefits, Defendants City/County of San Francisco, Williams, Jordan, and Ly failed to provide required reasonable disability accommodations, resulting in wrongful termination of benefits in violation of the ADA and Rehabilitation Act." Compl. at 3. No detail is provided on what the accommodation was or why it was needed. And on the CAAP benefits, the complaint includes a hearing decision showing that Hendrix's case was discontinued after he failed to attend a triage appointment that was a condition of reinstatement of benefits and did not have a valid excuse. Compl. at 38–40. The lack of any factual detail in Hendrix's one sentence allegation is insufficient to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009). The Court agrees that the claims against the California Defendants should be dismissed.

Hendrix's other objections are also unavailing. The denial of the TRO is unrelated to the report and recommendations. Further, Hendrix's objections to Dkt. 12 (the return of mail sent to Hendrix) and to Judge Cisneros listing Hendrix's aliases do not address the substance of the report and recommendations and the deficiencies in the pleadings.[3] And Judge Cisneros' denial of service at this point was justified given the recommendation to dismiss. If Hendrix is able to state a claim with an amended complaint, he may be entitled to an extended time for service. Fed. R. Civ. P. 4(m) (providing extension of service period on a showing of good cause).

The Court adopts the report and recommendations and dismisses the case.

### III. MOTION FOR RECUSAL

Hendrix moves for recusal pursuant to 28 U.S.C. § 455. See Obj. at 6. The Court denies the motion.

---

[3] As discussed, the Court has already sealed filings with Hendrix's aliases due to his concerns.

Section 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and also "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455. Essentially, it asks "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. U.S. Dist. Ct., 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotation marks and citation omitted). At bottom, a motion to recuse "must allege an extrajudicial basis for the alleged bias or prejudice." See Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1387–88 (9th Cir. 1988).

Hendrix does not point to any extrajudicial bias or prejudice. Rather, he bases his motion on an alleged due process violation through a "procedural irregularity" where Dkt. 12 "was entered without prior notice of the change in presiding judge." Obj. at 3. But that is an inability for court staff to deliver mailed notice of docket activity based on an address that Hendrix provided. Indeed, it is not the only mail that was returned as undeliverable in this case. See Dkts. 14, 16, 17. There is nothing to suggest this Court is biased or prejudiced against Hendrix. Accordingly, the Court denies the motion for recusal.

## IV. CONCLUSION

For the foregoing reasons, the Court ADOPTS the report and recommendations in full, DENIES the motion for recusal, and DISMISSES the case with leave to amend within 30 days.

**IT IS SO ORDERED.**

Dated: January 9, 2026

CHARLES R. BREYER
United States District Judge